UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CURTIS E. MAIN,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 3:20-CV-684 JD

## OPINION AND ORDER

The Court previously remanded this social security appeal to the Commissioner for further proceedings on plaintiff Curtis Main's claim for benefits. (DE 21.) The Court also awarded attorney's fees under the Equal Access to Justice Act in the amount of $11,000.00. (DE 24.) On remand, the Commissioner made a fully favorable decision on Mr. Main's claim. That resulted in the Commissioner withholding 25% of Mr. Main's past due benefits in order to pay his representative, which amounted to $12,427.40. (DE 25-1 at 3.) Mr. Main's attorney now moves for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $12,427.40, and an order directing the Commissioner to pay counsel a balance of $1,427.40. This amount equals 25% of the past due benefits ($12,427.40) minus the amount already received under the Equal Access to Justice Act ($11,000.00).[1] The Commissioner does not oppose this request.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total

---

[1] This method of awarding attorney's fees is known as the "netting method." *O'Donnell v. Saul*, 983 F.3d 950 (7th Cir. 2020). Under this method, the Commissioner remits to counsel the balance of the § 406(b) award after being reduced by the EAJA fee counsel was previously awarded. *Id.* at 953. An alternative method awards the full amount provided for under § 406(b) and then requires counsel to return directly to the client the EAJA award. *Id.* at 953–54. Both the netting method, and the method requiring direct refund of EAJA fees, are "permissible." *Id.* at 959.

past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Court finds the requested fee is reasonable under that standard. Counsel spent 52.2 hours of attorney time on Mr. Main's appeal. (DE 25-3 at 2.) Even considering only the attorney time, that would result in a rate of about $238.07 per hour for counsel,[2] which is well within the range of rates that courts have approved in this context. *See Long v. Saul*, No. 3:19-CV-155, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (approving a request for attorney's fees of $1,711.96 per hour); *McPeters v. Saul*, No. 4:17-CV-41, 2020 WL 2507935, at *2 (N.D. Ind.

---

[2] The total amount of attorney's fees ($12,427.40) divided by the number of hours of attorney time (52.2) equals $238.07.

May 15, 2020) (approving a request for attorney fees at an effective hourly rate of $1,522.14). Moreover, our sister courts have approved similar fees. *See, e.g.*, *Kirby v. Berryhill*, No. 14 CV 5936, 2017 WL 5891059, at *2 (N.D. Ill. Nov. 29, 2017) (approving a request for attorney fees at an effective hourly rate of $1,612.28). Given the excellent result Mr. Main achieved through this action, this award is reasonable.

The Court GRANTS the motion for attorney's fees under § 406(b) in the amount of $12,427.40. (DE 25.) That amount is then reduced by the previous EAJA fee ($11,000.00). Accordingly, the Court ORDERS the Commissioner to pay Counsel $1,427.40 out of the award of past-due benefits.

SO ORDERED.

ENTERED: July 12, 2023

                                            /s/ JON E. DEGUILIO
                                            Chief Judge
                                            United States District Court